UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

STARNET INSURANCE COMPANY                    Case No.
as subrogee of TODD MERRILL and
ASSSOCIATES, INC.

                 Plaintiffs,

                                       **COMPLAINT**

-against-

HEDLEY'S, INC.,
                  Defendant.
------------------------------------------------------X

      Plaintiff StarNet Insurance Company as subrogee of Todd Merrill and

Associates, Inc. by and through its attorneys, Rosner Nocera & Ragone, LLP, as and for

its Complaint against defendant Hedley's, Inc. alleges upon information and belief as

follows:

## INTRODUCTION

      1.     This is an action for breach of a contract of carriage, bailment and duty of

a common carrier by motor truck for damage to certain artworks (hereinafter the

"Artworks") which were damaged in transit en route from Miami, Florida to New York,

York in or about February 2015.

      2.     This action involves interstate transportation by motor carrier under 49

U.S.C. Section 14706 (the "Carmack Amendment").

## PARTIES

3.     At all times hereinafter mentioned, plaintiff StarNet Insurance Company was and still is a foreign corporation, duly authorized to transact the business of insurance in the State of New York, maintaining offices for the transaction of business at 757 Third Avenue, New York, New York 10017 (hereinafter "StarNet").

4.     At all times hereinafter mentioned, plaintiff's subrogor Todd Merrill and Associates, Inc. (hereinafter "Merrill") was and still is a New York corporation doing business as a fine art gallery and maintains offices for the transaction of business at 130 West 42nd Street, New York, New York 10036.

5.     At all times relevant, defendant Hedley's, Inc. (hereinafter "Hedleys") was and still is a New York corporation maintaining offices for the transaction of business at 270 Scholes Street, Brooklyn, New York 11206.

6.     Hedleys, among other things, specializes in the packing and transport of fine works of art.

7.     Hedleys is registered with the United States Department of Transportation as an interstate carrier and operates as a motor truck carrier of general freight.

8.     Hedleys is subject to the personal jurisdiction of this Honorable Court by virtue of maintaining offices and transacting business within and through the State of New York.

## JURISDICTION

9.      This action involves interstate transportation by motor truck and seeks

damage in excess of $10,000.00.  This Honorable Court has jurisdiction pursuant to 49

U.S.C. Section 14706 (the "Carmack Amendment").

## BACKGROUND

10.     At all times relevant, the "Artworks" were consigned to Merrill.

11.     Pursuant to agreement with Merrill, Hedley's packed the Artworks at Art

Miami in Florida and delivered the Artworks by truck to New York.

12.     The bill of lading, to the extent even applicable, advises that "Insurance is

limited to 50 cents per lb" but does not limit Hedleys' liability.

## AS AND FOR A FIRST CAUSE OF ACTION

13.     Plaintiffs repeats, reiterate and reallege each and every allegation

contained in paragraphs "1" through "12" of the Complaint with the same force and

effect as if fully set forth herein at length.

14.     Defendant Hedleys as a motor carrier of merchandise by motor truck for

hire had a duty to transport, handle, carry, keep, care for, discharge and deliver the

Artworks in good order and condition.

15.     Defendant Hedleys breached its contract, bailment, and duties as a motor

carrier of merchandise by motor truck for hire by, among other things, delaying the

return of the Artworks for over six weeks, during which the Artworks were kept at

Hedleys warehouse, failing to deliver the Artwork in like condition as received, and in

failing to protect the Artwork from damage.

16.     As a direct and proximate result of defendant Hedleys' breach of its contracts of carriage, bailment, and duties as a motor carrier of merchandise by motor truck, the Artworks sustained damages in the sum of $71,062.00.

17.     Pursuant to a policy of insurance then in force and effect, plaintiff StarNet reimbursed its subrogor, Merrill, for the above loss and thereby became subrogated to all of the rights, remedies, claims, demands and causes of action possessed by Merrill, including those asserted against the defendant herein.

18.     By reason of the foregoing, defendant Hedleys is indebted to plaintiff StarNet in the sum of $71,062.00, as a result of the damage to the Artworks, plus accrued interest thereon from February 17, 2015.

WHEREFORE, plaintiff StarNet Insurance Company as subrogee of Todd Merrill and Associates, Inc. demands judgment against defendant Hedley's Inc. in the sum of $71,062.00, accrued interest thereon from February 17, 2015, the costs, expenses, and attorney's fees of this action, and for such other and further relief as this court may deem just and proper.

Dated:       New York, New York
             September 25, 2015

                         ROSNER NOCERA & RAGONE, LLP

                         By:

                             Eliot L. Greenberg
                             Attorney Bar Code: ELG8210
                             Attorneys for Plaintiff
                             61 Broadway, Suite 1900
                             New York, New York 10006
                             (212) 635-2244

eb:BAP.merrill.complaint9/15