John Eric Olson
Hill Rivkins LLP
Attorneys for Defendant
45 Broadway, 15th Floor
New York, NY 10006
Tel.: 212-669-0600
Fax: 212-669-0698
e-mail: jolson@hillrivkins.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | |
|---|---|
| STARNET INSURANCE COMPANY<br>As subrogee of Todd Merrill and<br>Associates, Inc., | Case No.: 1:15-cv-07608-PKC |
| Plaintiffs, | **ANSWER AND COUNTERCLAIM** |
| - against – | |
| HEDLEY'S, INC., | |
| Defendant. | |

------------------------------------------------------x

The defendant, Hedley's, Inc., (hereinafter "Hedley's") by and through its attorneys, HILL RIVKINS LLP, as and for an Answer to the Complaint, and a Counter-claim against StarNet Insurance Company a/s/o Todd Merrill and Associates, Inc. (hereinafter "StarNet"), alleges upon information and belief as follows:

## INTRODUCTION

1. Hedley's admits that this is an action for breach of a contract of carriage but except as so admitted denies the remaining allegations of Paragraph 1 of the Complaint.

2. Hedley's admits the allegations of Paragraph 2 of the Complaint.

1

## PARTIES

3. Hedley's denies information and knowledge sufficient to respond to the allegations of Paragraph 3 of the Complaint.

4. Hedley's denies information and knowledge sufficient to respond to the allegations of Paragraph 4 of the Complaint.

5. Hedley's admits the allegations of Paragraph 5 of the Complaint, except the street address is 271 Scholes Street.

6. Hedley's admits the allegations of Paragraph 6 of the Complaint.

7. Hedley's admits the allegations of Paragraph 7 of the Complaint.

8. Hedley's admits the allegations of Paragraph 8 of the Complaint.

## JURISDICTION

9. Hedley's admits the allegations of Paragraph 9 of the Complaint.

## BACKGROUND

10. Hedley's denies information and knowledge sufficient to respond to the allegations of Paragraph 10 of the Complaint.

11. Hedley's refers to the invoice describing the services to be performed, and denies the remaining allegations of Paragraph 11 of the Complaint.

12. Hedley's denies the allegations of paragraph 12 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Hedley's repeats and realleges each and every response to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Hedley's admits the allegations contained in Paragraph 13 of the Complaint.

15. Hedley's denies the allegations contained in Paragraph 14 of the Complaint.

16. Hedley's denies the allegations contained in Paragraph 15 of the Complaint.

17. Hedley's denies information and knowledge sufficient to respond to the allegations of Paragraph 16 of the Complaint.

18. Hedley's denies the allegations contained in Paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Hedley's will show that Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate its damages, if any, and its claims are therefore barred in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

Hedley's denies liability and states that the subject loss, if any, occurred due to the intervening, superseding, or concurring actions or inactions of third parties not under the control of Hedley's and Hedley's has no liability.

### FOURTH AFFIRMATIVE DEFENSE

Hedley's is entitled to all the benefits, protection, and limitations of liability contained in the applicable bill of lading, including, but not limited to, provision 25 (A)(b).

### FIFTH AFFIRMATIVE DEFENSE

In the event there is any loss or damage to the cargo alleged in the Complaint, which is denied, such loss or damage arose or resulted from the condition of the cargo when delivered or from an inherent defect, quality or vice of the goods or insufficiency of packaging, or by act of omission of the shipper or owners of the goods, their agents or representatives, including but not

limited to, acts or omissions of the shipper's representative at loading, transshipment and discharge and, therefore, Hedley's has no liability in this matter.

### SIXTH AFFIRMATIVE DEFENSE

If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from the negligence of the shipper and/or receiver.

### SEVENTH AFFIRAMTIVE DEFENSE

Service of Process was insufficient.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed as the Plaintiffs failed to serve a notice of claim upon Hedley's within nine months, 49 CFR 370.

### NINTH AFFIRMATIVE DEFENSE

StarNet is not the real party in interest.

### TENTH AFFIRMATIVE DEFENSE

Any payment made to the artist by StarNet or Todd Merrill was gratuitous and the payment cannot be claimed against Hedley's.

### AS AND FOR A COUNTERCLAIM AGAINST STARNET A/S/O TODD MERRILL AND ASSOCIATES, INC.

1. On or about February, 2015, Todd Merrill and Hedley's acted pursuant to an invoice and bill of lading to transport certain goods, round trip, New York to Miami and back to New York.

2. Hedley's invoiced Todd Merrill $13,735 for the agreed upon service.

3. Despite frequent demands, Todd Merrill has not paid this invoice.

4. Hedley's has performed all the duties agreed to between Hedley's and Todd Merrill.

4

WHEREFORE, defendant Hedley's requests that Plaintiffs' Complaint be dismissed, and that a judgment be entered against Todd Merrill on Hedley's counterclaim in the amount of $13,735, plus interest from February 17, 2015, with costs, expenses and attorneys' fees of this action, and for such other and further relief as this Court may find just and proper.

Dated: New York, New York
       January 15, 2016

                                        HILL RIVKINS LLP
                                        Attorneys for Defendant
                                        HEDLEY'S INC.

By: _____
                                        John Eric Olson

                                        45 Broadway, 15th Floor
                                        New York, NY 10006
                                        Tel.: 212-669-0600
                                        Fax: 212-669-0698
                                        E-mail: jolson@hillrivkins.com

TO:    ROSNER NOCERA & RAGONE, LLP
         Eliot L. Greenberg, Esq.
         Attorneys for Plaintiff
         61 Broadway, Suite 1900
         New York, NY 10006
         Tel.: 212-635-2244

33159\Answer-and-Counterclaim